## HOMOCHITTO LUMBER CO. v. ALBRITTON.

### [96 South. 403.  No. 23204.]

1. MASTER AND SERVANT.  *Law abrogating fellow servant rule held valid.*

   Section 193 of the Constitution of 1890, providing that every employee of any railroad corporation shall have the same rights and remedies for any injuries suffered by him from the act of the corporation or its employees, as is allowed to other persons not employees, where the injury results from the negligence of a superior agent or person having the control of the injured servant, or from a fellow servant in another department of labor, or engaged on another train, and further providing that the legislature may extend the remedies provided to any other class of employees, did not prevent the legislature from making a broader abrogation of the fellow servant rule; therefore Laws 1908, chapter 194 (Hemingway's Code, section 6684), which amends Code 1906, section 4056, so as to abolish the fellow servant rule in actions for injuries to employees of railroads and others operating trains and engines running on tracks, etc., is not invalid.

2. MASTER AND SERVANT.  *Law abolishing assumption of risks held applicable to injury to engineer repairing engine negligently moved by fireman.*

   The exception as to locomotive engineers in charge of unsafe engines voluntarily operated by them in chapter 156, Laws 1914 (Hemingway's Code, section 504), which abolishes the doctrine of the assumption of risks by an employee, has no application to an injury received by an engineer while attempting to repair a defect in his engine, and which against his orders was negligently put in motion by the fireman thereof.

APPEAL from circuit court of Franklin county.

HON. R. L. CORBAN, Judge.

Action by Gus Albritton against the Homochitto Lumber Company.  From a judgment for plaintiff, defendant appeals.  Affirmed, on condition of *remittitur*.

*T. Brady, Jr.,* for appellant.

Appellant will now demonstrate that this case must be reversed and finally ended in favor of the appellant in this court, for the following reasons: 1.  The action of the court below in refusing to grant to the appellant a peremptory and other instructions, which it requested, denied it the defense that the injury of the appellee was caused by the negligence of a fellow servant, which was in violation of section 193 of the Constitution of the state of Mississippi, and of chapter 194 of the Acts of 1908.  2.  The action of the court below in refusing to grant to appellant the peremptory and other instructions which it requested, denied appellant the defense that the appellee assumed the risk incident to the act of the fireman in starting the locomotive while appellee was engaged in repair work underneath it, and was in violation of chapter 156, Acts of 1914, Hemingway's Code, section 504.

The appellant will consider the errors of the court below in the order stated: 1.  The action of the court below in refusing to grant to the appellant the peremptory and other instructions, which it requested, denied it the defense that the injury of the appellee was caused by the negligence of a fellow servant, which was in violation of section 193 of the Constitution of the state of Mississippi, and of chapter 194 of the Acts of 1908.

That appellee and his fireman were fellow servants under the common law, and before the passage of chapter 194 of the Laws of 1908, is not a debatable question.  See: *Vicksburg, etc. R. R. Co.* v. *Wilkins,* 47 Miss. 404; *New Orleans, etc., R. R. Co.* v. *Hughes,* 49 Miss. 259; *Howard* v. *Miss., etc. R. R. Co.,* 50 Miss. 178; *Memphis, etc., R. R. Co.* v. *Thomas,* 51 Miss. 637; *Chicago, etc., R. R. Co.* v. *Doyle,* 60 Miss 677; *McMaster* v. *Illinois, etc., R. R. Co.,* 65 Miss. 264; *Louisville, etc., R. R. Co.* v. *Petty,* 67 Miss. 255; *Lagrone* v. *Mobile, etc., R. R. Co.,* 67 Miss. 592; *Millsaps* v. *Louisville, etc., R. R. Co.,* 69 Miss. 423; *Givens* v. *Southern Ry. Co.,* 49 So. 180.

Appellant contends that chapter 194, Acts of 1908, did not abrogate the fellow servant doctrine as to the appellee.

It will be seen by reference to section 4056 of the Code of Mississippi of 1906, that the legislature, in obedience to the last paragraph of section 193, extended the remedies therein provided by broadening them so as to protect employees of railroads on account of injuries caused by "improper loading of cars." Section 4056 of the Code of Mississippi of 1906, is otherwise, insofar as the remedies therein provided are concerned, a mere rescript of section 193 of the Constitution, and is not therefore here quoted.

A simple reading of section 193 of the Constitution and of section 4056 of the Code of 1906, clearly shows that the fellow-servant doctrine was not abrogated as to all employees of railroad companies. It was abrogated only as to those employees in instances where injuries result from the negligence of a superior officer or a person having the right to control or direct the services of the party injured, and also, when the injury results from the negligence of a fellow servant engaged in another department of labor from that of the party injured, or of a fellow servant on another train of cars or one engaged about a different piece of work.

Conceding, however, for the sake of argument, that the law as announced in the Pierce case is sound, then the fellow-servant doctrine in its relation to the appellee has been abrogated by chapter 194 of the Laws of 1908, to such extent only as would fix his rights to recover on the same basis "as are allowed by law to other persons not employed." In other words, the appellee's rights and remedies against appellant as fixed by chapter 194 of the Laws of 1908, are the same as those of non-employees. Section one expressly so states in the following language:

"Every employee of a railroad corporation, and all other corporations and individuals using engines, locomotives or cars of any kind or description whatsoever, propelled by the dangerous agencies of steam, electricity, gas, gasoline or lever power, and running on tracks, shall have the same rights and remedies for an injury suffered by him from the act or omission of such railroad corporation or

others, or their employees, as are allowed by law to other persons not employed."

It cannot be seriously contended that if a non-employee of the appellant had told appellant's fireman that he was going under appellant's engine and not to move it while he was under it, and the appellant's fireman forgetful of the order had negligently moved it, thereby injuring the non-employee, the appellant would thereby become liable. It is expressly stated in chapter 194, "that the rights and remedies for an injury suffered caused by the act or omission of some railroad or corporation, or others, or their employees, are exactly such as are allowed by law to other persons not employed." Appellee was injured by the act of his fireman in moving his engine which was unsafe and which he was repairing. The fireman moved the engine in obedience to a signal but contrary to the orders of appellee, because he had forgotten that the appellee was under the engine. If appellee had been a non-employee and had voluntarily gone under the engine for the purpose of repairing it, or for any other purpose, and had been injured by the act of the fireman in moving his engine, who had forgotten an order not to move it, there, of course, could not be any recovery. It follows, therefore, since the appellee's rights and remedies are measured exactly by the rights and remedies of persons not employed, that he cannot recover.

An analysis of section 193, of the Constitution of the state of Mississippi and of chapter 194 of the Laws of 1908, will show conclusively that the fellow-servant doctrine in its application to engineers in charge of dangerous or unsafe cars or engines, voluntarily operated by them, is in force and effect. Section 193 expressly provides that knowledge by an employee injured of the defective or unsafe character, condition, etc., shall not be a defense to any action for injury caused thereby, "except as to conductors or engineers in charge of dangerous or unsafe cars or engines voluntarily operated by them."

Chapter 194 of the Laws of 1908, likewise provides that knowledge by an employee injured of the defective or un-

safe character, condition, etc., "except as to conductors or engineers in charge of dangerous or unsafe cars or engines voluntarily operated by them," shall not be a defense.

It is evident from a comparison of chapter 194 of the Laws of 1908, and section 193 of the Constitution of the state of Mississippi, that it was not the intention of the legislature, by the enactment of chapter 195, to abrogate the fellow-servant doctrine as to engineers voluntarily operating unsafe engines, as appellee was doing at the time he received his injury, and who, although in the employment of a lumber company, was actually engaged in voluntarily operating an unsafe engine over the tracks of a railroad company. If it had been the purpose of the legislature to abolish the fellow-servant doctrine, it would not have left the assumption of risk doctrine in effect.

*J. W. Cassedy,* for appellee.

The second class of reversible error discussed by appellant as well as all other errors complained of, beginning on page 20 of its brief, is thoroughly answered and taken care of by the case of *Pierce* v. *Easterling Lumber Company,* 106 Miss. 672, 64 So. 461, which counsel argues must be overruled in order that this second class of reversible errors may be sustained. No better argument can be made against appellant's contention than the lucid and masterful opinion of this court through REED, J., in the Pierce case. The Constitution is clearly constitutional, and the Laws of 1908, chapter 194, is also constitutional if *Pierce* v. *Easterling,* is sound and correct, as it is up to the present time at least. When this court has determined the question and given the reasons, it is not incumbent upon any litigant to defend the decision or add argument to show that the court is right until the court itself wavers in the correctness of its decision, which it has not done up to date.

So, if *Pierce* v. *Easterling,* stands, then appellant's argument is unsound, and this case must be determined upon

the hypothesis that section 193 of the Constitution and chapter 194, Laws 1908, as explained by *Pierce* v. *Easterling,* is the law of Mississippi.

On page 25 of appellant's brief, counsel says: "Conceding however for the sake of argument the law as announced in the Pierce case is sound, then the fellow-servant doctrine in its relation to appellee has been abrogated by chapter 194 of the Laws of 1908, to such an extent only as would fix his rights to recover on the same basis, as are allowed by law to other persons not employed." In other words, the appellee's rights and remedies against appellant as fixed by chapter 194 of the Laws of 1908 are the same as those of non-employees.

Appellant then argues that the appellee, under the statute, would be in the same position as a stranger, who would voluntarily go under the locomotive to make a repair after notifying the fireman not to move the locomotive, and the fireman negligently moved it and injured him. The appellant misconceives the meaning of chapter 194, Laws 1908, and section 193 of the Constitution. The statute says: "Shall have the same rights and remedies for an injury suffered by him from the act or omission of such railroad corporation or others, or their employees, as are allowed by law to other persons not employed."

As stated by appellant on page 21 of his brief, before the enactment of chapter 194, Laws 1908, the engineer and fireman were fellow servants. Prior to the statute and the Constitution, the master was not liable for an injury to the one because of the negligence of the other, because they were fellow servants and had assumed the risk. It was a sound public policy, promulgated for the safety of the public as applied to railroads by section 193 of the Constitution, and to others, by chapter 194 of Laws of 1908, to abrogate this hard and fast rule, which had been so applied as to immunize the master from liability to servants except in a few narrow cases, thus lowering the standard of servants whose duties affected the public. The master, prior to these provisions, was liable for injuries

caused by the negligence of his servants to others not servants or employees, because the fellow-servant doctrine did not apply. So the constitutional convention, and later the legislature, abrogates the fellow-servant rule—how? "Every employee shall have the same rights and remedies for an injury suffered by him for the act or omission 'of other' employees as are allowed by law to other persons not employees." Written words could not plainer express the will of the lawmakers. The master must respond in damages for an injury to a person caused by the negligence of his employee. This was and is the law as to those injured who were not employees. So, if an employee is injured through the negligence of another employee, by the constitution and the statute, he has the same right to be reimbursed for his injuries and losses as another person would have who was not barred by the fellow-servant rule.

In the case supposed by counsel as to this "other person," there could be no recovery because he would be a volunteer, an interloper, owing no duty to the employer and the employer owing no duty to him. The appellee in this case was engaged about the master's business, doing his master's work for the time being, and his duty required, not operating a locomotive or moving a train, but making an emergency repair to a locomotive of the master so that it could be operated. He was not a volunteer nor an interloper, but was performing a service expected and required of him. He was temporarily out of his locomotive, with the fireman, a fellow servant, in charge and had ceased to be an engineer for the moment and had become a skilled mechanic. He assumed no risk from the negligence of his fellow servant, the fireman. The fireman owed him a duty knowing his situation, and receiving his warning.

The argument is ingenious, based upon mere words. There is no need to cite authorities, but see: *Mobile & Ohio R. R. Co.* v. *Hicks*, 91 Miss. 273, 46 So. 260.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a judgment for twenty thousand dollars for personal injuries sustained by the appellee because of the alleged negligence of one of the appellant's servants. The appellee is a locomotive engineer and was employed by the appellant as engineer of a shay locomotive used by it to move a logging train owned by it, on which it transported logs over its own and the tracks of the Mississippi Central Railroad Company. This train carried two crews, one for the operation of the train which was in charge of the engineer, and another which operated a steam loader by which the logs were loaded into the cars and which was in charge of its own foreman. The train crew included a fireman for the engine, a part of whose duty it was to run the engine when directed so to do by the engineer. The plan adopted by the appellant for transporting its logs to its plant was as stated in the brief of its counsel—"to collect them along its own tracks and along the Mississippi Central Railroad Company's tracks, and to send the empty train of which the appellee was the engineer, and upon which there was placed a log loader which was operated by a loading crew, to the point at which the logs had been collected. The employee operating the log loader would load one or two cars of logs, when it would become necessary to move the train so as to place the log loader in such position as to enable it to load other logs which were placed alongside those just loaded. In order to have the train so moved, it was necessary to give the appellee who was the engineer a signal by blowing of the whistle of the log loader and upon the blowing of the whistle the appellee would move his train a sufficient distance to place the log loader where the other logs could be by it reached and loaded on empty cars; this method would be followed and the train moved and stopped by signals blown by the log loader until all the empty cars were loaded, after which the train would be moved by the shay engine of which the appellee was engineer, to the mill of the appellant and there unloaded."

On the occasion in question the appellee carried his train to a place on the Mississippi Central Railroad, where it was to be loaded with logs which had been collected thereat, and after arriving he discovered that a brakebeam bolt was loose and about to drop out, and thereby render the engine unsafe to operate. While the train was being loaded, he went under the engine for the purpose of repairing the bolt, and told the fireman not to move the engine while he was under it. While he was engaged in repairing his engine the fireman of the loading crew blew the whistle of the loader engine as a signal for the train to be moved far enough for the empty cars to replace those that had been loaded. Thereupon the appellee got from under the engine and directed the fireman to move the train in accordance with the signal, which the fireman did. When the train stopped, the appellee again went under his engine, after telling the fireman not to move it, except on his orders, and was engaged in repairing it when the foreman of the loading crew again signaled for the train to be moved, which signal was obeyed by the fireman before the appellee could get from under the engine, resulting in the appellee having three fingers on his left hand crushed.

There was evidence to the effect that it was customary for the fireman to operate the engine for most of the time while the train was being loaded. The appellee, when injured, was forty-five years old, a skilled locomotive engineer, without training for any other occupation, and was making from twenty-seven to twenty-nine dollars per week.

The principal assignment of error is that the court below should have directed a verdict for the appellant. The grounds of this assignment are: (1) That the appellee was injured because of the negligence of a fellow servant; and (2) that he had "assumed the risk incident to the act of the fireman in starting the locomotive while appellee was engaged in repair work underneath it." Under the first of these subdivisions the contention of the appellant is that section 193 of the State Constitution does not abolish the

fellow-servant rule as to employees engaged in the same department of labor as were the appellee and his fireman here, and that chapter 194, Laws of 1908 (Hemingway's Code, section 6684), which does abolish this rule as to all railroad employees, is void, for the reason that the legislature is without power to abolish the rule as to railroad employees, as to whom it was left in force by section 193 of the Constitution. This contention was ruled against the appellant by *Easterling Lumber Co.* v. *Pierce,* 106 Miss. 672, 64 So. 461, which case we do not think should be overruled.

The appellant's second contention is based on chapter 156, Laws of 1914 (Hemingway's Code, section 504), which provides that:

"In all actions for personal injury to an employee, and in all actions where such injury results in death, such employee shall not be held to have assumed the risks of his employment in any case where such injury or death results in whole or in part from the negligence of the master; except as to conductors, or locomotive engineers, in charge of dangerous or unsafe cars or engines voluntarily operated by them."

If the appellee's injury had occurred while he himself was operating the engine and because of the defect in the brakebeam bolt thereof, of which he had knowledge, the question of the assumption of the risk by him therefrom would be for determination, but the injury did not so occur. He not only was not running the engine when injured, but had directed the fireman not to put it in motion until ordered by him to do so, so that his injury was occasioned, not while he was voluntarily operating a defective engine, but because of the fact that it was negligently put in motion by the fireman in disobedience to his order not to move it. The appellee's injury, therefore, was the result of the negligence of a fellow servant.

The verdict is excessive, but if the appellee will enter a *remittitur* of five thousand, the judgment will be affirmed for fifteen thousand dollars; otherwise it will be reversed,

and the cause remanded for a new trial as to the amount
of damages only.

*Affirmed, with remittitur.*

HOLDEN, J., took no part in the decision of this case.